IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

LISA HICKS on Behalf of Herself and All )
Others Similarly Situated,               )      Collective Action
                                         )
          Plaintiff,                     )
                                         )
vs.                                      )      CAUSE NO.
                                         )
AVERY DREI, LLC and CHANCE               )      **1: 07-cv-1215-JDT-WTL**
FELLING,                                 )
                                         )
          Defendants.                    )

## COMPLAINT FOR DAMAGES

This is a proposed collective action brought on behalf of all former and current non-exempt employees of Avery Drei, LLC against Defendants, Avery Drei, LLC ("ADL") and Chance Felling.

### I. Parties

1.     Each member of the Class is or was a non-exempt employee of ADL at all times relevant to this action.

2.     Plaintiff is a resident of Indianapolis, Marion County, Indiana.

3.     Defendant, ADL, is an incorporated business that owns and operates hotels in Indianapolis, Indiana and the surrounding area.

4.     Defendant, Mr. Felling, is an owner and operator of ADL who resides in Indianapolis, Indiana.

### II. Jurisdiction and Venue

5.     This court has jurisdiction to hear this claim pursuant to 28 U.S.C. §1331, in that the claim arises under the laws of the United States.  Specifically, Plaintiff and the

Page 1 of 6

Class bring this action to enforce their rights under the FLSA, as allowed by 29 U.S.C. §216.

6.      This court has jurisdiction to hear these state claims pursuant to the court's supplement jurisdiction under 28 U.S.C. §1367.

7.      Venue in the Southern District of Indiana, Indianapolis Division, is appropriate by virtue of Plaintiff's residence and Defendant's doing business in this District.

## III.     Class Action Allegations

8.      Plaintiff brings this case as a class action pursuant to 29 U.S.C. §216(b) on behalf of a class consisting of all similarly situated persons who are or were employed as non-exempt employees of Defendants (the "OT Class").

9.      Plaintiff brings this case as a class action pursuant to Rule 23 on behalf of current and former employees of Defendant, ADL, who were not paid all their regular wages during their employment in violation of the Wage Payment Statute, I.C. §22-2-5 *et. seq.*, (the "Wage Class").

10.      Plaintiff brings this case also as a class action pursuant to Rule 23 on behalf of a class consisting of all involuntarily separated persons who were employed by Defendant, ADL, and not paid vacation time upon their separation of employment in violation of the Wage Claims Statute, I.C. §22-2-9 *et. seq.*, (the "Terminated Class").

11.      The members of the OT Class were not paid overtime wages for hours worked during a given workweek.

12.      Defendants willfully failed to properly pay members of the OT Class overtime wages.

13.     The members of the Terminated Class were not paid their earned vacation wages upon their separation of employment from Defendant, ADL.

14.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as class actions. The names, addresses, and relevant documentation of members of the Classes should be in the business records of Defendants. Notice may be provided to members of the Classes or their personal representatives via first class mail using techniques and a form of notice similar to those customarily used in class actions.

## IV.     Factual Allegations

15.     Plaintiff began employment with Defendants as a security guard on July 7, 2006.

16.     Plaintiff was paid on an hourly basis.

17.     Plaintiff worked overtime hours for Defendants.

18.     Plaintiff was not paid time and a half for the overtime hours that she worked for Defendants.

19.     Plaintiff was not paid for all regular hours that she worked for Defendant, ADL.

20.     Plaintiff was terminated by Defendants on April 13, 2007.

21.     Plaintiff was not paid her accrued vacation wages upon her involuntary separation of employment with Defendant, ADL.

22.     Defendant willfully failed to pay Plaintiff overtime wages.

23.     Pursuant to I.C. §22-2-9-4(b), the wage claim of Plaintiff has been referred to the undersigned attorney by the Indiana Attorney General's Office and the Indiana Department of Labor.

### Count I
### Failure to Properly Pay Overtime Wages
### Pursuant to the FLSA, 29 U.S.C. §201 *et. seq.*

24.     Plaintiff and the members of the OT Class are or were employees of Defendants pursuant to the FLSA.

25.     The work of Plaintiff and the members of the OT Class involves or involved interstate commerce.

26.     Defendant, Mr. Felling, is an employer pursuant to the FLSA.

27.     Defendant, ADL, is an employer pursuant to the FLSA.

28.     Plaintiff and the members of the OT Class have been and continue to be damaged by Defendants' violations of the FLSA.

WHEREFORE, Plaintiffs pray that the Court:

A.     Enter an award for Plaintiff and the members of the OT Class for the overtime wages owed to them during the course of their employments with Defendants with interest as permitted by the FLSA.

B.     Enter an award for liquidated damages with interest as permitted by the FLSA.

C.     Enter an order awarding Plaintiff and the members of the OT Class all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the FLSA.

D.      Enter an order for injunctive relief instructing Defendants to comply with the FLSA.

E.      Enter an award for such other relief as may be just and appropriate.

_____
Ronald E. Weldy

**Count II**
**Wage Payment Statute**

29.     Plaintiff incorporates paragraphs 1 through 28 by reference herein.

30.     Defendant, ADL, is an employer pursuant to the Wage Payment Statute.

31.     The failure of Defendant to pay Plaintiff and the members of the Wage Class their wages in the correct amount and a timely fashion violates the Wage Payment Statute.

32.     Plaintiff and the members of the Wage Class have been damaged by Defendant's, ADL, violations of the Wage Payment Statute.

WHEREFORE, Plaintiffs pray that the Court:

A.      Enter an award for Plaintiff and the members of the Wage Class for the regular wages owed to them during the course of their employments with Defendant, ADL, with interest as permitted by the Wage Payment Statute.

B.      Enter an award for liquidated damages with interest.

C.      Enter an order awarding Plaintiff and the members of the Wage Class all reasonable attorney fees and expenses incurred in pursuing this claim.

D.      Enter an award for such other relief as may be just and appropriate.

_____
Ronald E. Weldy

## Count III
## Wage Claims Statute

33.     Plaintiff incorporates paragraphs 1 through 32 by reference herein.

34.     Defendant, ADL, is an employer pursuant to the Wage Claims Statute.

35.     The failure of Defendant to pay Plaintiff and the members of the Termination Class their accrued vacation wages violates the Wage Claims Statute.

36.     Plaintiff and the members of the Termination Class have been damaged by Defendant's, ADL, violations of the Wage Claims Statute.

WHEREFORE, Plaintiffs pray that the Court:

A.      Enter an award for Plaintiff and the members of the Termination Class for the regular wages owed to them during the course of their employments with Defendant, ADL, with interest as permitted by the Wage Claims Statute.

B.      Enter an award for liquidated damages with interest.

C.      Enter an order awarding Plaintiff and the members of the Termination Class all reasonable attorney fees and expenses incurred in pursuing this claim.

D.      Enter an award for such other relief as may be just and appropriate.

_____
Ronald E. Weldy
Attorney for Plaintiff and the Class

WELDY & ASSOCIATES, 2002 Wellesley Boulevard, Suite 300, Indianapolis, IN 46219, Tel: (317) 917-4800 / Fax: (317) 917-4801, E-mail: weldy@abramsweldy.com